UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD J. HARLEY,** : | |
| Petitioner : | CIVIL ACTION NO. 3:13-1430 |
| v. : | (JUDGE MANNION) |
| **NORTHSLOPE III OWNERS ASSOCIATION, et al.,** : | |
| Respondents : | |

## MEMORANDUM

Petitioner, Richard J. Harley, an inmate formerly confined in the Monroe County Correctional Facility, Stroudsburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He seeks "immediate release from jail and stay of civil matters pending the outcome of the criminal matter." (Doc. No. 1, petition). On June 20, 2013, Petitioner was released from the Monroe County Correctional Facility. (See (Doc. No. 3, change of address). For the reasons set forth below, the petition will be **DISMISSED** as moot.

I. **Background**

On June 12, 2008, a verdict was entered against Harley in Northslope III Owners Association v. Harley, Civil No. 2007-6449, a civil case, pending in the Monroe County Court of Common Pleas, in which Harley is named as the sole Defendant. Although judgment was entered, the case remains open, as there are ongoing issues regarding unpaid attorney's fees and costs. Id.

On December 4, 2012, the Monroe County Court issued the following order:

> And Now This 4th Day of December 2012, this matter having come before the Court for a scheduled hearing at which Plaintiff appeared represented by counsel and Defendant, Richard J.

> Harley having failed to appear, despite having notice of the proceedings as evidenced by the letter he sent to this Court and despite being directed to appear by order of this Court dated October 22, 2012, which order specifically stated that a bench warrant would be issued for the failure of a party to appear, IT IS HEREBY ORDERED THAT a bench warrant is issued for Defendant. Upon payment by Plaintiff to the Sheriff of Monroe County of applicable fees and costs the Sheriff and/or any law enforcement officer of this Commonwealth is directed to bring Defendant to the Monroe County Correctional Facility forthwith. A copy of this order shall constitute sufficient warrant for the arrest of Defendant. Upon arrest, Defendant shall be brought without unnecessary delay for a hearing on the bench warrant. In the event Defendant is taken into custody outside of Monroe County, he shall be taken to the nearest correctional facility pending transfer to Monroe County. Plaintiff's request for imposition or re-imposition of contempt sanctions will be heard at the time of the bench warrant hearing.

Id. On or about December 5, 2012, Harley was picked up pursuant to the bench warrant and placed in custody, in the Monroe County Correctional Facility. Id. (See also Doc. No. 1, petition).

On May 22, 2013, in Civil No. 2007-6449, Harley filed a "motion to stay civil matter, pending outcome of the criminal matter[1]." See Northslope III Owners Association v. Harley, Civil No. 2007-6449, Civil Docket Sheet. By Order dated May 28, 2012, the Monroe County Court of Common Pleas denied Harley's motion to stay his civil matter pending the outcome of his criminal matter. Id.

On May 28, 2013, Harley filed the instant petition for writ of habeas

---

[1]The Court takes judicial notice of USA v. Harley, Civil Action No. 3:12-cr-0224-ARC-1, filed August 30, 2012, in the United States District Court for the Middle District of Pennsylvania.

corpus. (Doc. No. 1, petition). In his petition, Harley challenges the December 4, 2012 bench warrant issued, stating that the reason he did not show for the December 3, 2012 hearing in Monroe County Court of Common Pleas is that his "civil and criminal are intertwined [because] Northslope is listed in the indictment" and the "documents and records to the civil and criminal case were submitted to the Federal Grand Jury". Id. Harley further claims that pursuant to Fed.R.Crim.P. 6(c) he "must avoid all contact directly or indirectly with any person who is or may be a victim or witness in the investigation or prosecution, including co-defendant or co-conspirators" and that "Northslope III Homeowners Assoc. is listed in the Grand Jury Charges." Id. For relief, Harley seeks "immediate release from jail and stay all civil matters pending outcome of the criminal matter." Id.

On June 13, 2012, the Monroe County Court of Common Pleas directed Plaintiff to depose Harley within seven (7) days of the date of the order and indicate on the record whether it believes Harley has satisfied the purge conditions of the Court's order. See Northslope III Owners Association v. Harley, Civil No. 2007-6449, Civil Docket Sheet. The Court warned that in the event that the deposition was not taken within seven (7) days of the date of the order, then Harley is to be released from jail. Id.

On June 19, 2013, Harley was released from the Monroe County Correctional Facility, pursuant to the following order, issued by the Monroe County Court of Common Pleas:

> And Now, This 19th Day of June, 2013, the time for the taking of Defendant's deposition having expired, and Plaintiff having apparently decided not to pursue the deposition, IT IS ORDERED AS FOLLOWS: 1. The portion of our order dated June 13, 2013 that incarcerated Defendant, Richard J. Harley, is hereby vacated. 2. Defendant's release does not alter, discharge, or vacate prior findings of contempt.

See Northslope III Owners Association v. Harley, Civil No. 2007-6449, Civil Docket Sheet.

On July 16, 2013, Harley filed a change of address with this Court, indicating that on June 201, 2013, he had been released from the Monroe County Correctional Facility. (Doc. No. 3, change of address).

## II. Discussion

The Third Circuit Court of Appeals in Defoy v. McCullough, 393 F.3d 439, 441–442 (3d Cir.2005), stated as follows:

> A prisoner may seek federal habeas relief only if he is in custody in violation of the constitution or federal law. 28 U.S.C. §2254(a). Moreover, a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624, 631 (1982). This general principle derives from the case or controversy requirement of Article III of the Constitution, which "subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477–78 (1990) (internal citations and quotations omitted). In other words, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477; see also Maleng v. Cook, 490 U.S. 488, 492 (1989) (holding that habeas petitioner does not remain "in custody" after the sentence imposed has fully expired merely because of the possibility that the prior conviction will be used to enhance sentences imposed for any subsequent crimes of which he is convicted); United States v. Romera–Vilca, 850 F.2d 177, 179 (3d Cir.1988) (holding that prisoner's motion to vacate his conviction was not mooted when he was released from custody, where he faced potential deportation as a collateral consequence of conviction.

4

Once a habeas corpus petitioner is released from custody, a District Court's authority to adjudicate the controversy is called into doubt. See Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir.2009). Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624 (1982); Scott v. Schuylkill FCI, 298 Fed. Appx. 202 (3d Cir.2008). However, a petition is not moot if the released prisoner can show that the challenged conviction will cause him to suffer some future collateral consequences. Lane, supra; Carafas v. Lavalle, 391 U.S. 234 (1968). The relevant inquiry in such a scenario becomes whether the case still presents a case or controversy under Article III, §2 of the United States Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998); Rendell v. Rumsfeld, 484 F.3d 236, 240–241 (3d Cir.2007). Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction. Spencer, 523 U.S. at 7–8. By contrast, when a challenge to the execution of a sentence that has already been served is at issue, collateral consequences will not be presumed. Spencer, 523 U.S. at 12–14. See also Burkey, 556 F.3d at 148–49 (in habeas action, "[o]nce a sentence has expired ... some continuing injury, also referred to as collateral consequences, must exist for the action to continue.") Thus, the central inquiry is whether it is "likely" that the injuries claimed by the petitioner can be redressed by a favorable judicial decision. United States v. Kissinger, 309 F.3d 179, 180 (3d Cir.2002).

Harley's petition for writ of habeas corpus has been rendered moot by virtue of the Monroe County Court's June 19, 2013 Order, deeming Plaintiff's opportunity to depose Harley as having expired, and releasing Harley from custody. Aside from seeking his immediate release, Harley has not alleged, and the Court cannot discern, any continuing collateral consequences stemming from his release that can be redressed by a favorable judicial

5

decision in this federal habeas proceeding. See Lane, 455 U.S. at 633 ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot; ... [t]hrough the mere passage of time, respondents have obtained all the relief that they sought ... no live controversy remains). By failing to demonstrate continuing collateral consequences, Harley has failed to satisfy Article III's case-and-controversy requirement. As there is no longer a live case or controversy, the petition for writ of habeas corpus will be dismissed as moot.[2]

### III. Certificate of Appealability.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the

---

[2]Because the instant action is dismissed on procedural grounds, without reaching the merits, the Court need not address Harley's motion to stay his state civil proceedings pending the outcome of his federal criminal case. However, even if properly before us, the Court finds a stay unwarranted.

The doctrine of Younger v. Harris recognizes the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances. 401 U.S. 37, 41, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 (1971). The doctrine is based on principles of comity, federalism, and a respect for vital state interests. Id. at 44, 91 S.Ct. at 750. Although the doctrine has its roots in cases seeking to enjoin criminal prosecutions, it is equally applicable to civil actions. Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423(1982)("The policies underlying Younger are fully applicable to noncriminal judicial proceedings when important state interests are involved."); Juidice v. Vail, 430 U.S. 327, 335-36 (1977) (noting that the salient fact for abstention purposes is whether "federal-court interference would unduly interfere with the legitimate activities of the state," rather than the label of the state proceeding as civil, quasi-criminal, or criminal in nature).

denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court concludes that Petitioner's §2254 application is moot. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the Court declines to issue a certificate of appealability.

## IV. Conclusion

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED** as moot. An appropriate order will follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION
United States District Judge**


**Dated: October 31, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-1430-01.wpd